Joshua K. Merkel, Esq. (SBN: 249877)
jmerkel@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

Attorneys for Plaintiff
Irene Arnold

# United States District Court
# Eastern District Of California – Sacramento

| | |
|---|---|
| **IRENE ARNOLD**, | Case No.: _____ |
| PLAINTIFF, | |
| v. | **COMPLAINT FOR DAMAGES** |
| **TRANSWORLD SYSTEMS, INC., D/B/A CREDIT MANAGEMENT SERVICES, AND ALLERGY, IMMUNOLOGY & ASTHMA MEDICAL GROUP, INC.**, | **JURY TRIAL DEMANDED** |
| DEFENDANTS. | |

## INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect

consumers against debt collection abuses.[1]

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]

3. IRENE ARNOLD, ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of TRANSWORLD SYSTEMS, INC., d/b/a CREDIT MANAGEMENT SERVICES, ("CMS") and ALLERGY, IMMUNOLOGY & ASTHMA MEDICAL GROUP, INC., ("MEDICAL GROUP," collectively, "Defendants"), with regard to attempts by CMS, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Unless otherwise indicated, the use of any defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of that defendant named.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

//
//

---

[1] 15 U.S.C. §§ 1692(a)-(e)
[2] Cal. Civ. Code §§ 1788.1 (a)-(b)

**COMPLAINT FOR DAMAGES**          **PAGE 2 OF 12**

6. This action arises out of Defendants' violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq., and California Common Law.

7. Because Defendants do business within the State of California, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

**PARTIES**

9. Plaintiff is a natural person who resides in the City of Stockton, County of San Joaquin, State of California and is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11. Plaintiff is informed and believes, and thereon alleges, that CMS is a company operating from the City of Santa Rosa, County of Sonoma, State of California.

12. Plaintiff is informed and believes, and thereon alleges, that MEDICAL GROUP is a company operating from the City of Stockton, County of San Joaquin, State of California.

13. Plaintiff is informed and believes, and thereon alleges, that CMS is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

//
//

14. Plaintiff is informed and believes, and thereon alleges, that CMS, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

16. At all times relevant, Plaintiff was an individual residing within the State of California.

17. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendants conducted business in the State of California.

18. Sometime before June 14, 2007, Plaintiff allegedly incurred financial obligations to MEDICAL GROUP that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f). Specifically, this alleged debt was for medical care.

19. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

20. Sometime thereafter, but before June 14, 2007, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff takes no position as to whether or not this alleged debt was actually owed.

//

21. Plaintiff is informed and believes, and thereon alleges, that subsequently, but before June 14, 2007, MEDICAL GROUP assigned, placed, or otherwise transferred the alleged debt to CMS for collection.

22. On or about June 14, 2007, CMS attempted to contact Plaintiff's husband at Plaintiff's husband's place of employment. Instead of speaking with Plaintiff's husband, CMS spoke to Plaintiff's husband's supervisor.

23. This communication with Plaintiff's husband's employer was not necessary to the collection of the alleged debt as neither Plaintiff nor Plaintiff's attorney consented in writing to such communication. As such, CMS violated Cal. Civ. Code § 1788.12(a).

24. Plaintiff's husband's supervisor gave Plaintiff's husband a message to contact CMS.

25. Later that same day, after Plaintiff's husband had returned home from work, Plaintiff's husband returned CMS' telephone call. Plaintiff's husband spoke to "Mike Jones" ("JONES"), and during this conversation, JONES demanded payment of the alleged debt.

26. This conversation between JONES and Plaintiff's husband was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b), and an "initial communication" consistent with 15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b).

27. CMS failed within five days after this initial communication with Plaintiff, to provide written notification containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, and failed within five days after the initial communication with Plaintiff to provide a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period

1  that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, and that the debt collector will provide the consumer with the name and address of the original creditor, thereby violating 15 U.S.C. § 1692g. Because of this omission, CMS also violated Cal. Civ. Code § 1788.17.

28. During this same conversation, JONES stated that Plaintiff had until 3:00 PM the following day to make payment arrangements on the alleged debt. This statement by JONES overshadowed, weakened, and failed to comply with the notice required by 15 U.S.C. § 1692g(a)(3), and subsequently, Cal. Civ. Code 1788.17, because it attempted to limit the rights available to Plaintiff in a manner that creates a contradiction that would confuse the least sophisticated consumer into disregarding his or her rights pursuant to the validation notice required in 15 U.S.C. § 1692g.

29. On or about the next day, June 15, 2007, Plaintiff contacted CMS by telephone in an attempt to get more details about the alleged debt on which CMS demanded payment. Plaintiff spoke to JONES.

30. During this conversation, JONES stated that if Plaintiff failed to pay the alleged debt in full, CMS would attach Plaintiff's husband's wages.

31. This statement represents a threat to take action that CMS did not intend to take or could not legally take. As such, CMS violated 15 U.S.C. § 1692e(5). Because CMS violated 15 U.S.C. § 1692e(5), it also violated Cal. Civ. Code § 1788.17.

32. This statement also constitutes the false representation that nonpayment of the alleged debt would result garnishment of Plaintiff's husband's wages. As such, CMS violated 15 U.S.C. § 1692e(4). Because CMS violated 15 U.S.C. § 1692e(4), CMS also violated Cal. Civ. Code § 1788.17.

33. This statement also represents a false, deceptive, or misleading means used in connection with the collection of the alleged debt because CMS could not legally attach Plaintiff's husband's wages at this point in time. As such, CMS violated 15 U.S.C. §§1692e and 1692e(10). Because CMS violated 15 U.S.C. §§1692e and 1692e(10), CMS also violated Cal. Civ. Code § 1788.17.

34. This statement also represents the false threat that nonpayment of the alleged debt may result in the garnishment of Plaintiff's husband's wages when such action was neither in fact contemplated by CMS nor permitted by law at that point in time. As such, CMS violated Cal. Civ. Code § 1788.10(e).

35. During this same conversation, Plaintiff demanded to speak to JONES' manager. Plaintiff was then transferred to "Jason."

36. Jason stated, in a tone and manner Plaintiff felt was extremely abusive and condescending, "Grow up and act like an adult."

37. The natural consequence of this statement was to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt. As such, CMS violated 15 U.S.C. § 1692d. Because CMS violated 15 U.S.C. § 1692d, CMS also violated Cal. Civ. Code § 1788.17.

38. Still during this same conversation, Plaintiff stated that she wanted proof of the alleged debt. When CMS refused, Plaintiff advised CMS that she was going to request billing records from MEDICAL GROUP to determine the presence of any debt.

39. In response, CMS, through its agent Jason, yelled at Plaintiff that CMS was the entity with whom Plaintiff must make arrangements and that MEDICAL GROUP would not talk to Plaintiff. Jason further stated that he would contact MEDICAL GROUP and ensure that MEDICAL GROUP would not speak with Plaintiff.

//
//

40. This statement constitutes a false, deceptive, or misleading means used in connection with the collection of the alleged debt because, in reality, MEDICAL GROUP could speak, and has spoken, to Plaintiff regarding the status of the alleged debt. As such, CMS violated 15 U.S.C. §§ 1692e and 1692e(10). Because CMS violated 15 U.S.C. §§ 1692e and 1692e(10), CMS also violated Cal. Civ. Code § 1788.17.

41. This statement also constitutes a threat that CMS did not intend to take or could not legally take because CMS is in no position to contact MEDICAL GROUP and determine which persons MEDICAL GROUP may or may not speak with. As such, CMS violated 15 U.S.C. § 1692e(5). Because CMS violated 15 U.S.C. § 1692e(5), CMS also violated Cal. Civ. Code § 1788.17.

42. Later that same day, June 15, 2007, Plaintiff contacted MEDICAL GROUP and spoke to "Maria." Plaintiff explained that she wished to have documentation of her alleged debt. Maria agreed to send to Plaintiff any past invoices regarding Plaintiff's alleged debt. Plaintiff further stated that CMS had been very abusive to Plaintiff with regard to the alleged debt. In response, Maria stated that she has recently received several telephone calls from other clients with complaints about CMS' improper collection activities.

43. MEDICAL GROUP has a duty to refrain from assigning, placing, or otherwise placing Plaintiff's alleged debt with a debt collector who employs abusive, deceptive, and unlawful collection tactics.

44. MEDICAL GROUP breached this duty when it assigned, placed, or otherwise transferred Plaintiff's alleged debt to CMS.

45. As a result of MEDICAL GROUP's breach, Plaintiff was harmed.

46. MEDICAL GROUP's breach was a substantial factor in causing Plaintiff's harm.

//

//

47. On or about June 19, 2007, Plaintiff contacted CMS and spoke with JONES. Plaintiff stated that she was unsure as to the legitimacy of CMS' collection activities because she had not received any written communication from CMS at any point.

48. In response, CMS, through its agent JONES, stated that Plaintiff had previously been sent several letters to Plaintiff at Plaintiff's home address.

49. Plaintiff is informed and believes, and thereon alleges, that this statement represents a false, deceptive, or misleading means used in connection with the collection of the alleged debt because Plaintiff never received any written communication from CMS. As such, CMS violated 15 U.S.C. §§ 1692e and 1692e(10). Because CMS violated 15 U.S.C. §§ 1692e and 1692e(10), CMS also violated Cal. Civ. Code §1788.17.

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 ET SEQ.**

[Against CMS]

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

52. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from CMS.

//

## COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

[Against CMS]

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
54. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.
55. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from CMS.

## COUNT III

### NEGLIGENCE

[Against MEDICAL GROUP]

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
57. MEDICAL GROUP had a duty to refrain from assigning, placing, or otherwise transferring Plaintiff's alleged debt to a debt collector who employs abusive, deceptive, and/or unlawful collection tactics.
58. MEDICAL GROUP breached this duty when is assigned, placed, or otherwise transferred Plaintiff's alleged debt to CMS for collection.
59. As a result of MEDICAL GROUP's breach, Plaintiff was harmed.
60. MEDICAL GROUP's breach was the actual, legal, and proximate cause of Plaintiff's harm.

//
//

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

### FAIR DEBT COLLECTION PRACTICES ACT

[Against CMS]

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

[Against CMS]

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

### NEGLIGENCE

[Against MEDICAL GROUP]

- an award of general, special, and actual damages in an amount to be determined at trial;
- an award of pre-judgment interest at the legal rate;
- an award of reasonable attorney fees and costs associated with the suit; and;
- any other relief this Court deems just and proper.

//
//

**TRIAL BY JURY**

61. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 26, 2007

Respectfully submitted,
**HYDE & SWIGART**

By: /s/ Joshua K. Merkel
Joshua K. Merkel, Esq.
Attorney for Plaintiff